**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division**

Case No.: 2:21-civ-00946

**MICHAEL FLYNN,**

      Plaintiff,

v.

**NANCY PELOSI**, in her official capacity as
Speaker of the United States House of
Representatives, e*t. al.*,

      Defendants.

_____/

**DECLARATION OF DAVID A. WARRINGTON**

I, DAVID A. WARRINGTON, declare as follows:

      1.     I am a partner at the law firm Dhillon Law Group Inc. ("DLG"),

counsel of record for Lieutenant General Michael Flynn (Ret.) ("General Flynn").

I am a member in good standing of the Virginia State Bar and the District of

Columbia Bar, and intend to file a motion for special admission to this Court.  I

have personal knowledge of the facts set forth in this Declaration and could and

would testify competently to such facts under oath.

      2.     Attached to General Flynn's Time-Sensitive Motion for Temporary

Restraining Order and Preliminary Injunction as Exhibit C is a copy of that certain

Congressional Subpoena ("Subpoena") that Defendant United States House Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") issued to General Flynn on or about November 8, 2021 with certain personal identifying information redacted. As one of General Flynn's attorneys representing him in his discussions with the Select Committee, I have personal knowledge of its contents and authenticity.

3.      General Flynn retained DLG to assist him with a response to the Subpoena and retained the services of a vendor to collect and process his electronic documents so that they could be preserved, reviewed, and produced to the Select Committee.

4.      DLG engaged in a series of discussions with the Select Committee to clarify the scope of the Subpoena and the Select Committee's priorities considering the impossibly tight deadlines set forth in the Subpoena.

5.      DLG repeatedly raised concerns regarding General Flynn's 1st and 5th amendment rights, as well as issues of privilege regarding General Flynn's communications with Attorney Sidney Powell.

6.      Although the Select Committee agreed to postpone General Flynn's deposition to December 20, 2021, the Select Committee would not agree to clarify the Subpoena's requests.

7.     On December 16, 2021, the Select Committee announced it would postpone General Flynn's deposition to a date to be determined, but that it still expected General Flynn to produce documents.

8.     On December 17, 2021, DLG reiterated the intractable issues of Constitutional rights and privileges that hindered the production of potentially responsive documents (to the extent they could be identified despite the vague and overbroad demands in the Subpoena).

9.     On December 20, 2021, DLG verbally informed the Committee that it would seek the intervention of the courts to resolve the impasse over General Flynn's rights and privileges in order to facilitate his cooperation with the Committee, and submitted a formal letter noting the same on December 21, 2021.

Executed on December 21, 2021 at Alexandria, Virginia.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ *David A. Warrington*
David A. Warrington